UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GARY PATRICK MULLANE,

    Plaintiff,

v.                                             Case No: 6:18-cv-599-Orl-31DCI

M. ROGERS,

    Defendant.
_____/

## ORDER

This cause is before the Court on the Motion to Dismiss (Doc. 19) filed by Defendant M. Rogers. Petitioner filed a Response (Doc. 22) to the Motion to Dismiss. As discussed below, Rogers' Motion to Dismiss will be granted.

### I.     FACTUAL BACKGROUND

Plaintiff filed a Second Amended Complaint (Doc. 9) pursuant to 42 U.S.C. § 1983 against Rogers. Plaintiff is incarcerated at the Brevard County Jail ("Jail"), and he alleges that, on April 1, 2017, he was parked at a convenience store and was "arrested for attaching [a] license plate not assigned . . . ." (Doc. 9 at 13). At the time of the arrest, Plaintiff admitted to being in possession of .5 grams of methamphetamine, which resulted in a drug possession charge. (*Id*. at 13). Plaintiff pled guilty to the unlawful tag charge, and the drug possession charge remains pending. (*Id*.).

The arresting officer was Rogers, who was working for the Orlando Police Department. (*Id*. at 2). Rogers had Petitioner's vehicle towed. (*Id*. at 14). The vehicle

was towed by Johnson Towing, and, after Plaintiff was released from prison, he contacted Johnson Towing and was informed that the vehicle had been sold. (*Id*.). Plaintiff alleges his vehicle was not the subject of a criminal investigation and that his vehicle was towed in violation of § 715.07, Florida Statutes, because it was on private property. (*Id*.). As a result, Plaintiff seeks compensatory damages in the amount of the value of the vehicle and punitive damages. (*Id*. at 17).

## II.   LEGAL STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept all factual allegations in the complaint as true and read them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89 (2007). A complaint must contain a short and plain statement demonstrating an entitlement to relief, and the statement must "give the defendant 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)).

A plaintiff must supply "enough facts to state a claim to relief that is plausible on its face," rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 545 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555

(citations omitted). In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

### III.   ANALYSIS

Plaintiff has not indicated whether Rogers is liable in his official capacity or individual capacity.  A suit against a person in their official capacity is to be treated as a suit against the entity. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985). To hold a county liable, a plaintiff must show that (1) "his constitutional rights were violated"; (2) the city "had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation."  *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004).  Plaintiff has not alleged that a custom or policy caused the constitutional violation.  Consequently, the Motion to Dismiss is granted as to Rogers in his official capacity.

As to liability in his individual capacity, Rogers alleges that he is entitled to qualified immunity.  (Doc. 19 at 3).  To receive qualified immunity, the government official must first prove that he was acting within his discretionary authority. *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir.2002). Once the defendant has established that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate. *Id*. In resolving a claim for qualified immunity the Court addresses two questions: (1) whether the facts, when taken in the light most favorable to plaintiff, demonstrate that the officers' actions violated a constitutional right, and (2) whether a reasonable officer could have believed that his conduct was lawful, in

light of clearly established law and the information the officer possessed. *Anderson v. Creighton*, 483 U.S. 635 (1987).

In the present case, Plaintiff's allegations reflect that Rogers was acting within the scope of his discretionary duties when the alleged constitutional violation occurred. (Doc. 9 at 12).

The impoundment of a vehicle is a seizure under the Fourth Amendment, and therefore must be reasonable. *See Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). Rogers alleges that, pursuant to his community caretaking function, he was permitted to impound Plaintiff's vehicle. (Doc. 19 at 5).

The Courts have recognized that "[i]n the interests of public safety and as part of what the Court has called `community caretaking functions,' automobiles are frequently taken into police custody . . . . [As a result,] the authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge." *S. Dakota v. Opperman*, 428 U.S. 364, 368–69 (1976) (citation omitted).

Here, Rogers had the authority to impound Plaintiff's vehicle under the community caretaker doctrine. Once Rogers arrested Plaintiff, the doctrine allowed him "to seize and remove any vehicle which may impede traffic, threaten public safety, or be subject to vandalism." *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005). Plaintiff's unattended vehicle left in the parking lot of a commercial store could have been stolen or vandalized. Plaintiff does not dispute that Rogers had the authority to arrest him, and the decision to impound Plaintiff's vehicle was not unreasonable.

Although Plaintiff alleges that his girlfriend could have driven the vehicle away from the parking lot, "[n]othing in the Fourth Amendment requires a police department to allow an arrested person to arrange for another person to pick up his car to avoid impoundment and inventory." *United States v. Agofsky*, 20 F.3d 866, 873 (8th Cir. 1994). Consequently, the availability of less intrusive alternatives, such as allowing Plaintiff's girlfriend to drive the car, does not make the course Rogers chose unreasonable or unconstitutional. *United States v. Moore*, 655 F. App'x 531 (11th 2016). Moreover, it does not appear than anyone else could have lawfully driven the vehicle from the scene since it had a license plate attached to it which was not assigned.[1]

Under the circumstances, Plaintiff has failed to establish that Rogers' actions violated his constitutional rights. Thus, Rogers is entitled to qualified immunity, and his Motion to Dismiss will be granted.

### IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant M. Rogers' Motion to Dismiss (Doc. 19) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

3. The Clerk of the Court is directed to enter judgment accordingly and to close this case.

---

[1] Plaintiff acknowledged that he pled guilty to "attaching license plate not assigned." (Doc. 9 at 13).

**DONE** and **ORDERED** in Orlando, Florida on January 15, 2019.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party